# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

|  |  |
|---|---|
| JESSE PRATHER and JOHN W. PRATHER, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> WELLS FARGO BANK, N.A., WELLS FARGO EDUCATION FINANCIAL  SERVICES, Defendants. | Civil Action File No. <br><br> 1:15-cv-04231-SCJ |

## PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO 47 U.S.C. § 227 ET SEQ. (TELEPHONE CONSUMER PROTECTION

1.     Plaintiffs Jesse Prather, and John W. Prather (hereinafter referred to as "Plaintiffs"), individually and on behalf of all others similarly situated, allege on personal knowledge, investigation of their counsel, and on information and belief as follows:

## NATURE OF ACTION

2.      Plaintiffs bring this action for damages, and other legal remedies, resulting from the illegal actions of Wells Fargo Bank, N.A. ("Wells Fargo") and Wells Fargo Education Financial Services ("WFEFS") (collectively, "Defendants") in contacting Plaintiffs and the Class Members on their cellular telephones without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ( "TCPA") and the Federal Communication Commission rules promulgated thereunder, 47 C.F.R. § 64.1200 ("Rules").

3.      On June 11, 2008, the Federal Communications Commission ("FCC" or "Commission") issued a citation to Wells Fargo for violations of the TCPA, admonishing Wells Fargo that "[i]f, after receipt of this citation, you or your company violate the Communications Act or the Commission's rules in any manner described herein, the Commission may impose monetary forfeitures not to exceed $11,000 for each such violation or each day of a continuing violation."

4.      Wells Fargo nonetheless continued to make automated calls.  As a result, Wells Fargo has already been sued for, and has settled on a class wide basis, multiple class action lawsuits alleging precisely the behavior described herein.

5.      Notwithstanding these prior violations of the TCPA, the FCC's citation, and the prior class action lawsuits and settlements, Wells Fargo has

violated the TCPA by contacting Plaintiff and Class members on their cellular telephones via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), and/or by using "an artificial or prerecorded voice" as described in 47 U.S.C. § 227(b)(1)(A), without their prior express consent within the meaning of the TCPA.

6.     Defendants' practice of making automated calls has occurred across all Wells Fargo lines.  On information and belief, Wells Fargo uses the same autodialers across multiple business lines, including business lines that service deposit accounts, student loans, credit cards, automobiles loans, and home mortgages.

7.     Plaintiffs bring this action for injunctive relief and statutory damages resulting from Defendants' illegal actions.

## PARTIES, JURISDICTION AND VENUE

8.     Plaintiff Jesse Prather is, and at all times mentioned herein was, an individual citizen of the State of California, who resides in Glendale, California.

9.     Plaintiff John W. Prather is, and at all times mentioned herein was, an individual citizen of the State of Texas, who resides in Orange, Texas, and is the father of Jesse Prather.

10.     Wells Fargo is a diversified financial services company headquartered in San Francisco, California.  Wells Fargo provides financial services to individuals, businesses, and institutions in all counties within the State of Georgia as well as in most other states.  The financial services offered by Wells Fargo to consumers include providing and/or servicing educational loans, including through its subsidiary and agent WFEFS.  Wells Fargo maintains branch offices throughout the State of Georgia and in most other states. WFEFS conducts business throughout the State of Georgia and in most other states.

11.     WELLS FARGO has approximately 287 banking locations in the State of Georgia, including approximately 28 banking locations in Cobb County, and maintains continuing and systematic contacts with Cobb County, Georgia subjecting it to the general jurisdiction of this Court.

12.     WELLS FARGO may be served by personal service on any authorized agent or officer at any banking location in Cobb County, Georgia including the Marietta - Roswell Street branch, to wit: Wells Fargo Bank, N.A., 602 Roswell Street, Marietta, Georgia 30060.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 (TCPA), 47 U.S.C. § 227

13.   In 1991, Congress enacted the TCPA,[1] in response to a growing number of consumer complaints regarding certain telemarketing practices.

14.   The TCPA regulates, among other things, the use of automated telephone equipment, or "auto dialers."  Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of auto dialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.[2]

15.   According to findings by the FCC, the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.  The FCC also recognized that wireless customers are

---

[1]   Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. § 227 (TCPA).  The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. § 201 *et seq.*

[2]   47 U.S.C. § 227(b)(1)(A)(iii).

charged for incoming calls whether they pay in advance or after the minutes are used.[3]

16.     On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are made with the "prior express consent" of the called party.[4]  The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed."[5]

17.     In the same Declaratory Ruling, the FCC emphasized that creditors and their third party debt collectors are liable under the TCPA for debt collection calls made on the creditors' behalf.  ("A creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules. Calls placed by a third party collector on

---

[3]     Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

[4]     In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991 ("FCC Declaratory Ruling"), 23 F.C.C.R. 559, 23 FCC Rcd. 559, 43 Communications Reg. (P&F) 877, 2008 WL 65485 (F.C.C.) (2008).

[5]     *FCC Declaratory Ruling*, 23 F.C.C.R. at 564-65 (¶ 10).

behalf of that creditor are treated as if the creditor itself placed the call... A third party collector may also be liable for a violation of the Commission's rules."). As such, Defendants, as the primary creditors, may be held directly liable under the TCPA, even if the calls were placed by a third-party collector acting on their behalf.

18.     On July 10, 2015, the FCC released new guidance with regard to the definition of auto dialers under the TCPA. In particular, the FCC clarified that "auto dialers need only have the capacity to dial random and sequential numbers, rather than the present ability to do so."[6] In doing so, it rejected the proposed "human intervention" test, which would require plaintiffs to demonstrate that the system in question made the calls without any "human intervention" in the process.[7]

19.     In the same 2015 FCC ruling, the agency also clarified that a "called party" under the TCPA "is the subscriber, i.e., the consumer assigned the telephone number dialed and billed for the call, or the non-subscriber customary user of a

_____

[6]     In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991 ("2015 FCC Declaratory Ruling"), 2015 WL 4387780 (F.C.C.) (2015) (¶ 15).

[7]     2015 FCC Declaratory Ruling (¶ 20).

telephone number included in a family or business calling plan."[8]  In doing so, the FCC clarified that the relevant test for TCPA purposes is whether the party who the debt collector actually reached provided consent, not the party the debt collector was trying to reach with the call.[9]

## FACTUAL ALLEGATIONS

### A.    Plaintiff John W. Prather

20.    Plaintiff John W. Prather is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

21.    Plaintiff John W. Prather co-signed for educational loans that Plaintiff Jesse Prather applied for and obtained.

22.    "During the transaction that resulted in the debt owed," Plaintiff John W. Prather did not provide express consent to receive calls made by Wells Fargo and/or WFEFS on an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), on his cellular telephone.[10]

23.    Plaintiff John W. Prather never provided a cell phone number to Defendants during the process of acting as a co-signer on Plaintiff Jesse Prather's

---

[8]    *Id.* at (¶ 73).

[9]    *Id.* at (¶ 78).

[10]    *See FCC Declaratory Ruling*, 23 F.C.C.R. at 564-65 (¶ 10).

educational loans on any application relating to the debt for which Defendants called him on his cellphone.  In fact, Plaintiff John W. Prather did not own or use a cell phone at any time during the entire time period Jesse Prather applied for and obtained the educational loans for which John W. Prather was a co-signer.

24.     Defendants either obtained John W. Prather's cell phone number through skip tracing or by other means not related to the process of co-signing for the educational loans, and by Defendants obtaining his cell phone number in that manner, that did not constitute the requisite prior express consent of John W. Prather to be contacted on his cell phone by an automatic telephone dialing system or by a prerecorded voice message for any purpose related to the collection or servicing of Jesse Prather's student loans.

25.     Beginning no later than February, 2015, Plaintiff John W. Prather began receiving calls from Defendants to his cell phone, approximately a dozen in just over a month, telling him to call Wells Fargo at 1-800-416-8229, continuing to at least April 13, 2015.

**B.     <u>Plaintiff Jesse Prather</u>**

26.     Plaintiff Jesse Prather is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

27.     Plaintiff Jesse Prather applied for and obtained a number of educational loans during the 2003-2007 time period through American Education Services.  On information and belief, one or more of those loans was purchased by Wells Fargo and/or WFEFS, which serviced those loans from at least September, 2010 to the present.

28.     While Plaintiff Jesse Prather may have provided a cell phone number on the original loan applications submitted to AES, he never provided prior express consent to Defendants.  In addition, in no later than late 2012 or early 2013, he specifically revoked any such consent, if any existed, by repeatedly telling Defendants not to call him on his cell phone at any time in the future.  However, despite those clear and unequivocal statements, Defendants continued to call Plaintiff Jesse Prather dozens of times on his cellular telephone with an autodialed and/or by an artificial or prerecorded voice message. The calls to his cell phone number began in 2010 and continued until at least approximately March 21, 2015, resulting in dozens of calls, if not more, in that time period.

C.      **Plaintiffs' Joint Allegations**

29.     Defendants are, and at all times mentioned herein were, "persons", as defined by 47 U.S.C. § 153(39).

30.     All telephone contact by Defendants to Plaintiffs on their cellular telephones occurred via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), and/or used "an artificial or prerecorded voice" as described in 47 U.S.C. §  227(b)(1)(A).

31.     The telephone numbers that Defendants called in order to contact Plaintiffs, with an "artificial or prerecorded voice" and/or made by an "automatic telephone dialing system," were assigned to a cellular telephone service as specified in 47 U.S.C. §  227(b)(1)(A)(iii).

32.     Plaintiffs did not provide "prior express consent" allowing Defendants to place telephone calls to Plaintiffs cellular phone utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system," within the meaning of 47 U.S.C. § 227(b)(1)(A).

33.     Defendants' telephone calls to Plaintiffs' cellular phones were not "for emergency purposes" as described in 47 U.S.C. § 227(b)(1)(A).

34.     Defendants telephone calls to Plaintiffs' cellular phones utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system" for non-emergency purposes and in the absence of Plaintiffs' prior express consent violated 47 U.S.C. § 227(b)(1)(A).

35.     Under the TCPA and pursuant to the FCC's January 2008 Declaratory

Ruling, the burden is on Defendants to demonstrate that Plaintiffs provided express

consent within the meaning of the statute.[11]

## CLASS ACTION ALLEGATIONS

36.     Plaintiffs bring this action on behalf of themselves and on behalf of all

other persons similarly situated (hereinafter referred to as "the Class").

37.     Plaintiffs propose the following Class definition, subject to

amendment as appropriate:

> All persons within the United States who received a non-
> emergency telephone call from Defendants to a cellular
> telephone through the use of an automatic telephone
> dialing system or an artificial or prerecorded voice and
> who did not provide prior express consent to Defendants
> for such calls during the transaction that resulted in the
> debt owed.

Excluded from the Class are those persons who received a non-emergency

telephone call from CBV Collections Services, Ltd. or its agent Primary Financial

Services, LLC regarding any Wells Fargo and/or WFEFS debt.  Collectively, all

these persons will be referred to as "Class members."  Plaintiffs represent, and are

members of, the Class.  Excluded from the Class are Wells Fargo and any entities

in which Wells Fargo has a controlling interest, Wells Fargo's agents and

---

[11]     *See FCC Declaratory Ruling*, 23 F.C.C.R. at 565 (¶ 10).

employees, any Judge to whom this action is assigned and any member of such Judge's staff and immediate family, and claims for personal injury, wrongful death and/or emotional distress.

38.    Plaintiffs do not know the exact number of members in the Class, but based upon the representations of Wells Fargo as to its market share, Plaintiffs reasonably believe that Class members number at minimum in the hundreds of thousands.

39.    Plaintiffs and all members of the Class have been harmed by the acts of Defendants.

40.    This Class Action Complaint seeks injunctive relief and money damages.

41.    The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.  The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.  The Class can be identified easily through records maintained by Defendants.

42.    There are well defined, nearly identical, questions of law and fact affecting all parties.  The questions of law and fact involving the class claims

predominate over questions which may affect individual Class members.  Those

common questions of law and fact include, but are not limited to, the following:

      a.    Whether Defendants made non-emergency calls to Plaintiffs and Class members' cellular telephones using an automatic telephone dialing system and/or an artificial or prerecorded voice;

      b.    Whether Defendants can meet their burden of showing they obtained prior express consent (i.e., consent that is clearly and unmistakably stated), during the transaction that resulted in the debt owed, to make such calls;

      c.    Whether Defendants' conduct was knowing and/or willful;

      d.    Whether Defendants are liable for damages, and the amount of such damages; and

      e.    Whether Defendants should be enjoined from engaging in such conduct in the future.

13

43.     As persons who received numerous and repeated telephone calls using an automatic telephone dialing system or an artificial or prerecorded voice, without their prior express consent within the meaning of the TCPA and Rules, Plaintiffs assert claims that are typical of each Class member.  Plaintiffs will fairly and adequately represent and protect the interests of the Class, and have no interests which are antagonistic to any member of the Class.

44.     Plaintiffs have retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes, including claims under the TCPA.

45.     A class action is the superior method for the fair and efficient adjudication of this controversy.  Class wide relief is essential to compel Defendants to comply with the TCPA.  The interest of Class members in individually controlling the prosecution of separate claims against Wells Fargo is small because the statutory damages in an individual action for violation of the TCPA are small.  Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the Class members, by definition, did not provide the prior express consent required under the statute to authorize calls to their cellular telephones.

46.     Defendants have acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class as a whole appropriate.  Moreover, on information and belief, Plaintiffs allege that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## CAUSES OF ACTION

## FIRST COUNT

## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *ET SEQ.*

47.     Plaintiffs incorporate by reference the foregoing paragraphs of this Complaint as if fully stated herein.

48.     The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

49.     As a result of Defendants' knowing and/or willful violations of 47 U.S.C. §  227 *et seq.*, Plaintiffs and each member of the Class are entitled to treble damages of up to $1,500.00 for each and every violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

50.     Pursuant to O.C.G.A. § 13-6-11, Defendants have acted in bad faith in making the telephone calls alleged herein.

51.     Plaintiffs and Class members are also entitled to an award of attorneys' fees and costs.

## SECOND COUNT

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227 *ET SEQ*.

52.     Plaintiffs incorporate by reference the paragraphs 1 through 57, inclusive, of this Complaint as if fully set forth herein.

53.     The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the TCPA, including but not limited to each of the above cited provisions of 47 U.S.C. § 227 *et seq.*

54.     As a result of Defendants' violations of 47 U.S.C. §  227 *et seq.*, Plaintiffs and Class members are entitled to an award of $500.00 in statutory damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

55.     Plaintiffs and Class Members requests the Court to treble damages for willful or knowing violations, pursuant to 47 U.S.C. § 227(b)(3).

56.      Plaintiffs and Class members are also entitled to an award of attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court grant

Plaintiffs and all Class members the following relief against Defendants:

      A.    As a result of Defendants' willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiffs seek for themselves and each Class member treble damages, as provided by statute, of up to $1,500.00 for each and every violation of the TCPA;

      B.    As a result of Defendants' violations of 47 U.S.C. § 227(b)(1), Plaintiffs seeks for themselves and each Class member $500.00 in statutory damages for each and every violation of the TCPA;

      C.    An award of attorneys' fees and costs to counsel for Plaintiffs and the Class;

      D.    An order certifying this action to be a proper class action pursuant to Rule 23, establishing an appropriate Class and any Subclasses the Court deems appropriate, finding that Plaintiffs are proper representatives of the Class, and appointing the lawyers and law firms representing Plaintiffs as counsel for the Class;

      E.    Such other relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury on all counts so triable.

SKAAR & FEAGLE, LLP

by:___/s/ Justin T. Holcombe_____
James M. Feagle
Georgia Bar No. 256916
jfeagle@skaarandfeagle.com
2374 Main Street, Suite B
Tucker, GA 30084
404 / 373-1970
404 / 601-1855 fax

Justin T. Holcombe
Georgia Bar No. 552100
jholcombe@skaarandfeagle.com
Kris Skaar
Georgia Bar No. 649610
kskaar@skaarandfeagle.com
133 Mirramont Lake Drive
Woodstock, GA 30189
770 / 427-5600
404 / 601-1855 fax


LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
Jonathan D. Selbin
*Application Pro Hac Vice forthcoming*
Email:  jselbin@lchb.com
250 Hudson Street, 8th Floor
New York, NY  10013
Telephone:  (212) 355-9500
Facsimile:  (212) 355-9592

LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
Daniel M. Hutchinson
*Application Pro Hac Vice forthcoming*
Email:  dhutchinson@lchb.com
275 Battery Street, 29th Floor
San Francisco, California  94111-3339
Telephone:  (415) 956-1000
Facsimile:  (415) 956-1008

BURKE LAW LLC
Alexander H. Burke
*Application Pro Hac Vice forthcoming*
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com
www.BurkeLawLLC.com

MEYER WILSON CO., LPA
Matthew R. Wilson
*Application Pro Hac Vice forthcoming*
Email:  mwilson@meyerwilson.com
Michael J. Boyle, Jr.
*Application Pro Hac Vice forthcoming*
Email:  mboyle@meyerwilson.com
1320 Dublin Road, Ste. 100
Columbus, OH  43215
Telephone:  (614) 224-6000
Facsimile:  (614) 224-6066

LAW OFFICES OF DOUGLAS J. CAMPION,
APC
Douglas J. Campion
*Application Pro Hac Vice forthcoming*
Email: doug@djcampion.com
17150 Via Del Campo, Suite 100
San Diego, CA 92127
Telephone: (619) 299-2091
Facsimile:  (619) 858-0034

*Attorneys for Plaintiffs and the Proposed Class*